UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHEENA CARECTOR, | No. 2:14-cv-03004-SAB |
| Plaintiff, | |
| v. | **ORDER GRANTING, IN PART,** |
| CITY OF YAKIMA, WASHINGTON, | **AND DENYING, IN PART,** |
| and TERIN MILLER, | **DEFENDANTS' MOTION FOR** |
| Defendants. | **PARTIAL SUMMARY** |
| | **JUDGMENT** |

Before the Court is Defendants' Motion for Partial Summary Judgment, ECF No. 22.  A telephonic hearing was held on the motion on April 15, 2015. Plaintiff was represented by Richard D. Wall. Defendants were represented by Thomas P. Miller.

The Court has considered both the written and oral arguments of counsel and is fully informed.

### MOTION STANDARD

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  The moving party had the initial burden of

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1**

showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 325; *Anderson*, 477 U.S. at 248.

In addition to showing that there are no questions of material fact, the moving party must also show that it is entitled to judgment as a matter of law. *Smith v. University of Washington Law School*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

### FACTS

The following facts are viewed in the light most favorable to Plaintiff, the non-moving party.

Plaintiff was arrested at her apartment by Defendant Terin Miller, an officer with the Yakima Police Department and four Washington State Department of Corrections (DOC) community correction officers (CCO) for alleged probation violations. Defendant Miller handcuffed Plaintiff. Plaintiff lived across the street from the Yakima County Jail. Rather than transport her in a vehicle, the CCO officers and Defendant Miller walked Plaintiff across the street to the entrance of the jail. Defendant Miller held Plaintiff's right arm, and CCO Corey Steiner had Plaintiff's left arm. As they walked across the street to the jail, Plaintiff grew more and more agitated, cursing the officers.

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** ~ 2

While they were walking, Plaintiff threatened to sue CCO LaCompte. Around the same time, Plaintiff complained that Defendant Miller was pinching or scratching her arm. Defendant Miller responded, "That's it bitch, you're going down." Defendant Miller pulled Plaintiff's hair and took Plaintiff to the ground. Plaintiff fell on top of Defendant Miller, ending up with her head between Defendant Miller's legs. All the other officers started laughing. This made Defendant Miller mad. As she got up, she grabbed Plaintiff by the back of the hair and started slamming her face into the concrete. Plaintiff lost consciousness, and when she woke up, her nose was bleeding.

Plaintiff was brought to the sally port entrance of the jail. Jail staff informed Defendant Miller that Plaintiff needed to be medically cleared prior to booking. Defendant Miller transported Plaintiff to the hospital for medical treatment. She received four or five stiches on the bridge of her nose, as well as scrapes and bruises on her knee and elbow.

## PROCEDURAL HISTORY

In her Amended Complaint, Plaintiff asserts a number of claims against Defendant Miller and Defendant City of Yakima: (1) Failure to properly train and supervise Officer Miller (*Monell* claim); (2) violation of due process rights; (3) assault and battery; (4) excessive force; (5) negligence; (6) respondeat superior liability on the part of the City of Yakima.

Plaintiff agrees to the dismissal of the following claims: (1) Monell claim; (2) due process claim; and (3) assault and battery claim. The Court grants Defendants' Motion for Summary Judgment on these claims.

The parties agree that questions of material fact exist regarding Plaintiff's excessive force claim. The question that remains, then, is whether summary judgment is appropriate on Plaintiff's negligence claim.

//

//

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** ~ 3

**DISCUSSION**

In their Motion, Defendants made two arguments in support of their position that summary judgment is appropriate on Plaintiff's negligence claim. First, the public duty doctrine applied; and second, Plaintiff only alleged intentional conduct and where intentional conduct is alleged, the "lesser included" negligence claim cannot lie. In their reply, Defendants abandoned the public duty doctrine argument.

In ruling on a motion for summary judgment, the Court must determine whether sufficient evidence exists in the record for a reasonable jury to find that Defendant Miller acted negligently. The Court concludes that enough evidence exists in the record to find that a reasonable jury could find that Defendant Miller acted negligently. It is possible, for example, that after hearing the testimony and seeing the evidence, a jury could find that Defendant Miller never intended to harm Plaintiff. It could find, instead, that Defendant Miller merely attempted to subdue her but did so in an unreasonable manner and that Plaintiff's injuries were caused by Defendant Miller's lack of care. A jury could find that either Defendant Miller should have subdued her differently to avoid her head injury or should have done something earlier to prevent the plaintiff from acting up. The likelihood of these theories succeeding is unimportant. Under these facts, it is possible for Defendant Miller to have acted both intentionally and/or negligently. Because a reasonable jury *could* come to these conclusions from the facts in the record, the claim survives summary judgment. *See Anderson*, 477 U.S. at 248.

The Court denies Defendants' Motion for Summary Judgment on Plaintiff's negligence and respondeat superior claims. Defendants' arguments regarding the respondeat superior claim are based on their arguments with respect to the negligence claim. To the extent Plaintiff is pursuing punitive damages against the Defendant City of Yakima, however, the Court dismisses such claim. *See City of*

**ORDER GRANTING, IN PART, AND DENYING, IN PART,**
**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** ~ 4

1  *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 259-60 (1981) (holding that local
2  governments are immune from punitive damages claims under 42 U.S.C. § 1983).

3  **CONCLUSION**

4  The Court grants Defendants' Motion for Summary Judgment with respect
5  to the following claims: (1) *Monell* liability; (2) due process violations; (3) assault
6  and battery; and (4) § 1983 punitive damages claims against Defendant City of
7  Yakima. The Court denies Defendants' Motion for Summary Judgment with
8  respect to Plaintiff's negligence and respondeat superior claim. The three
9  remaining claims to be tried are: (1) excessive force; (2) negligence; and (3)
10  respondeat superior.

11  Accordingly, **IT IS HEREBY ORDERED:**

12  1.   Defendants' Motion for Summary Judgment, ECF NO. 22, is
13  **GRANTED**, in part; and **DENIED**, in part.

14  **IT IS SO ORDERED.** The District Court Executive is hereby directed to
15  file this Order and provide copies to counsel.

16  **DATED** this 27th day of April, 2015.

Stanley A. Bastian
United States District Judge

**ORDER GRANTING, IN PART, AND DENYING, IN PART,
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 5**